Ali S. Razai, Bar No. 246922
ali.razai@morganlewis.com
Ben Everton, Bar No. 259214
ben.everton@morganlewis.com
Christian Boettcher, Bar No. 342950
christian.boettcher@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:    (714) 830-0600
Fax:    (714) 830-0700

Juliana Kirby, Bar No. 351854
juliana.kirby@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 739-3000
Fax: (202) 739-3001

Attorneys for Plaintiff
HYDRAFACIAL LLC

[Defendants' counsel on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SINCLAIR PHARMA LIMITED, SINCLAIR PHARMA US, INC., and VIORA, INC.,<br><br>Defendants. | Case No.: 2:24-CV-06250-MEMF-MAR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>[PROPOSED] **STIPULATED PROTECTIVE ORDER** |

Ashley M. Koley, CA Bar No. 334723
**FOLEY & LARDNER LLP**
555 S Flower Street
Suite 3300
Los Angeles, CA  90071-2411
Telephone:  213.972.4500
Facsimile:  213.486.0065
Email: akoley@foley.com

Kevin J. Malaney *(Pro Hac Vice)*
WI Bar No. 1066371
**FOLEY & LARDNER LLP**
777 E. Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900
Email: kmalaney@foley.com

R. Spencer Montei *(Pro Hac Vice)*
IL Bar No. 6313532
**FOLEY & LARDNER LLP**
321 North Clark Street
Suite 3000
Chicago, IL 60654-4762
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: rmontei@foley.com

Jack T. Carroll *(Pro Hac Vice)*
WI Bar No. 1113061
**FOLEY & LARDNER LLP**
150 East Gilman Street
Suite 5000
Madison, WI 53703-1482
Telephone: 608.257.5035
Facsimile: 608.258.4258
Email: jcarroll@foley.com

[PROPOSED] STIP.
PROTECTIVE ORDER

# 1. **INTRODUCTORY PROVISIONS**

## 1.1.   Purpose and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2.   Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure, and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Each party believes that the disclosure

[PROPOSED] STIP. PROTECTIVE ORDER

to the public and to their competitors of, among other things, all or some of this information will likely result in their suffering competitive harm, including unfair competitive advantage to their competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

2.1.   Action: this pending federal lawsuit, *HYDRAFACIAL LLC v. SINCLAIR PHARMA LIMITED, et al.*, No. 2:24-CV-06250-MEMF-MAR (C.D. Cal. 2024).

2.2.   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. As a general guideline, "CONFIDENTIAL" information is material that a Producing Party reasonably believes to constitute or include information that is not known or freely accessible to the general public in the categories of 1) confidential and trade secret technical information, 2) financial information, 3) personal information, or 4) information furnished to it in confidence

by any third party. There is a particularized need for information in each of these categories to be covered by the Order in order to protect its confidential nature, either because it is protected by confidentiality agreements or otherwise generally not known by the public.

2.4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and also that have significant competitive value such that disclosure to others would create a risk of injury or competitive harm to the Designating Party. Examples of information that could be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY include sales volumes, sales units, cost of goods sold, price structures, discounts, business costs, profits, margins, marketing strategies, competitive business plans, contracts, corporate planning documents, strategic planning documents, and documents that reveal market or customer analyses, competitive strategy, and/or the identity of customers. There is a particularized need for information in each of these categories to be covered by the Order in order to protect its highly sensitive and confidential nature, as disclosure could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in

this matter.

2.7.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not an employee, or at the time of their retention anticipated to become an employee, of a Party.

2.8.    In-House Counsel: attorneys who are employees of a party to this Action

2.9.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.    Outside Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (as well as support staff).

2.11.    Party: any party to this Action.

2.12.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection

under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion

or portions of the material on a page qualifies for protection, the Producing Party, to the extent practical, shall identify the protected portion(s).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(b)    for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) or within 14 days of the conclusion of the deposition, hearing, or other proceeding a right to have up to 30 days after receipt of the transcript for the deposition, hearing, or other proceeding to identify the specific portions of the testimony as to which protection is sought

and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days of the receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. If a party does not provide any confidentiality designations before the expiration of the 30-day period, the transcript shall thereafter be treated as if it has not been designated under this Order.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  This provision does not apply to transcripts of depositions, hearings, or other proceedings to which no designations were made before the expiration of the 30-day period.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

[PROPOSED] STIP.
PROTECTIVE ORDER

Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    Up to two (2) In-House Counsel for the Receiving Party who have no involvement in competitive decision making;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and for whom approval has been received according to the procedure set forth in Section 7.5.

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author, recipient, or custodian of a document containing the information;

(h)       deponents, if it appears that (i) the witness authored or received a copy of the Protected Material; (ii) is currently, or was at the time the Protected Material was generated, employed by or otherwise retained to perform work for the Designating Party, an officer or 30(b)(6) designee for the Designating Party, or an Expert for the Designating Party; or (iii) is approved by the Designating Party to receive the information; and

(i)       any mediator or settlement officer, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) who were agreed upon by the parties or appointed by the Court, including their support staff.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in Sections 7.2(a) and 7.2(c)-(i) of this Order.

7.4.    Deposition Attendees. Whenever information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the Designating Party may exclude from the room any person, other than persons designated in Sections 7.2 and 7.3, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

7.5.    Procedures for Approving or Objecting to Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to Experts. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to Sections 7.2 and 7.3 respectively must first making written request to the designating party that includes (i) the name, current and prior employers, and persons or entities from whom the proposed Expert has received compensation or funding for work in his or her area(s) of expertise or to whom the proposed Expert has provided professional services, including in connection with a litigation; (ii) identifies (by name, number of case, and location of court) any litigation in which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years; (iii) a curriculum vitae of the proposed Expert; and (iv) an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the Expert, unless within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any objection by the Designating Party must be made in writing within seven (7) days following receipt of the identification of the proposed Expert and must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter within three (3) business days of receiving the written objection. If no agreement is reached within that period, the Receiving Party may file a motion as provided in the Local Rules seeking permission from the Court to do so.  In any such motion, the Party opposing the disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

**8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a discovery request, subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the discovery request, subpoena, or court order;

(b)    promptly notify in writing the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order and shall provide a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including requesting that the Serving Party sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A, hereto).

If the Designating Party fails to file a motion for, or otherwise request from the court, a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Designating Party's confidential information responsive to the discovery request, subpoena, or court order, with appropriate confidentiality designations.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a ruling by the court in which the discovery request was served or from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear

the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1. <u>Applicability of Protective Order</u>. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. <u>Disclosure of Non-Party's Confidential Information Via Valid Discovery Request</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession in this Action, and the Party is subject to an agreement or order with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly after receiving the discovery request, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party or order governing the requested information;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the

Non-Party, if requested.

(d)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties acknowledge that, regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the

maximum protection allowed by Federal Rule of Evidence 502.

If a Party, through inadvertence, produces or provides Disclosure or Discovery Material which it believes is subject to a claim of an applicable privilege (the "Inadvertently Produced Privileged Material"), the Producing Party may give written notice to the Receiving Party or Parties that the Inadvertently Produced Privileged Material is subject to a claim of privilege and request that it be returned to the Producing Party. Such written request should specifically identify the protected document, including the date, author, addressees, and topic of the document, as well as a brief explanation substantiating the claim of privilege. If a Producing Party or Non-Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material, the Receiving Party or Parties shall not use or disclose and shall return to the Producing Party all copies of, such Inadvertently Produced Privileged Material or confirm that all copies have been destroyed within five (5) calendar days of receipt of the written request. Return of the Inadvertently Produced Privileged Material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned Inadvertently Produced Privileged Material is, in fact, properly subject to a claim of privilege, nor shall it foreclose any Party from moving the court for an order that such Inadvertently Produced Privileged Material was improperly designated for reasons other than a waiver caused by the inadvertent production. A Producing Party may not unnecessarily delay making a request for the return of inadvertently produced materials in a way that prejudices the Receiving Party ability to prepare its case.

Notwithstanding the foregoing, if the Receiving Party has already reviewed the material before receiving a notice from the Producing Party that the material is subject to a claim of privilege or other protection, nothing herein shall prevent the Outside Counsel in this Action who viewed the material from preparing a record,

solely for purposes of challenging a claim of privilege, containing the date, author, addresses, and topic of the inadvertently produced documents or information and such other information as is reasonably necessary to identify the documents or information and describe their nature in sufficient detail to allow the Court to assess the claim of privilege, in any submission to the Court seeking to compel production of the documents or information. Once the Court has rendered a decision on the challenge to the claim of privilege, the Receiving Party must destroy the record and confirm such destruction to the Producing Party within five (5) calendar days, unless the Court rules the alleged Inadvertently Produced Privileged Material is not privileged.   Members of the Receiving Party who have not yet viewed the Inadvertently Produced Privileged Material may not do so for the first time after such notice is received.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.   This provision is not intended to modify whatever procedures may be established in an e-discovery order that provides for the production without prior privilege review.

**12.    <u>MISCELLANEOUS</u>**

12.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order<u>.</u>

12.3.    <u>Filing Protected Material</u>. A Party that seeks to file under seal any

Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

12.4.  <u>Materials Withheld or Redacted for Privilege</u>.  Nothing in this Order abridges the right of a producing party to withhold documents protected by privilege, the work product doctrine, or any other recognized immunity from discovery ("Privileged Information") or redact documents containing both Privileged Information and non-privileged information. Documents that contain both Privileged Information and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document and the reason therefore (e.g., "Redacted – Privilege" or "Redacted – Work Product" or equivalent). Documents withheld or redacted on privilege grounds will be identified in a privilege log in accordance with <u>Fed. R. Civ. P. 26(b)(5)</u>, provided, however, that neither party shall be required to include on its privilege log documents created or received by the party or their counsel on or after the date of July 24, 2024 or documents created by, sent to, or received from outside litigation counsel. The parties will exchange substantially complete privilege logs sixty (60) calendar days prior to the close of fact discovery unless the parties agree to a different date.

[PROPOSED] STIP. PROTECTIVE ORDER

13.    **FINAL DISPOSITION**

Within sixty (60) days of the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

14.    **VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


MORGAN, LEWIS & BOCKIUS LLP

Dated:  November 6, 2025          */s/ Benjamin J. Everton*
                                  Ali S. Razai
                                  Benjamin J. Everton
                                  Christian D. Boettcher
                                  Juliana Kirby

                                  *Attorneys for Plaintiff HydraFacial LLC*

                                  **FOLEY & LARDNER LLP**

                                  */s/ Ashley M. Koley (with permission)*
                                  Kevin J. Malaney
                                  R. Spencer Montei
                                  Ashley M. Koley
                                  Jack T. Carroll

                                  *Attorneys for Defendants Sinclair Pharma Limited, Sinclair Pharma US, Inc., and Viora, Inc.*

## FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

DATED:  November 6, 2025          */s/ Benjamin J. Everton*
                                  Benjamin J. Everton

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  11/25/2025          _____
                            Hon. Margo A. Rocconi
                            United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *HYDRAFACIAL LLC v. SINCLAIR PHARMA LIMITED, et al.*, No. 2:24-CV-06250-MEMF-MAR (C.D. Cal. 2024). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____